```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Michael D. McCain, Sr.,          :

        Plaintiff,       :    Case No. 15-cv-1262

  v.                             :    JUDGE MICHAEL H. WATSON
                                                       Magistrate Judge Kemp
Warden, Chillicothe              :
Correctional Inst., et al.,

        Defendants.      :

<u>ORDER</u>

Plaintiff Michael D. McCain, Sr., filed this action while he was incarcerated at the Chillicothe Correctional Institution located in Chillicothe, Ohio. The pleadings, while somewhat vague, include a number of claims asserted against various officials or employees of that institution and relate to matters such as access to copies of legal materials for indigent inmates, safety concerns due to the presence of pigeon droppings in the interior spaces of the institution, and threats made to Mr. McCain due to his filing of grievances and lawsuits.

Early in the case, prior to process being served, Mr. McCain moved for a preliminary injunction, raising various issues about his treatment at CCI. He indicated he had gone on a hunger strike to protest his illegal incarceration, had been denied use of the restroom by a corrections officer, and was being placed in punitive segregation. Among other things, he asked for a transfer to a different institution. He has since been transferred to the Mansfield Correctional Institution. While his filings indicate his displeasure with that transfer, it has mooted his original request for preliminary injunctive relief (Doc. 11) and the Clerk shall remove that motion from the Court's pending motions list. The same is true of a later-filed motion

to address access to copies (Doc. 33) and that motion shall also be removed.

Defendants, rather than answering, moved for a more definite statement (Doc. 28).  Mr. McCain's only response (Doc. 31) was a motion for leave to supplement his complaint to add claims when he provided his more definite statement.  The Court considers the Defendant's motion to be unopposed and that motion is granted, as is Mr. McCain's motion.  The Court will address these matters more fully below.

Mr. McCain has also filed two motions pursuant to Fed.R.Civ.P. 7(b)(Docs. 34 and 36).  Again, both of these motions address matters which occurred at CCI.  Both are now moot and shall be removed from the Court's pending motions list.

Most recently, Defendants moved for a 12-week stay of this case due to personnel issues within the Attorney General's Office.  While the Court understands that, at times, administrative issues within such an office may make it more difficult for specific attorneys to litigate cases, the Attorney General's staffing decisions cannot dictate the progress of court cases.  The Court therefore denies that motion (Doc. 45).  However, the procedures set forth below should provide Defendants with ample time to perform their duties in this case.

Given the multiple pleadings already filed, plus Mr. McCain's request to supplement his complaint, the Court directs Mr. McCain to file a comprehensive pleading addressing all of the issues in his original pleadings (Docs. 1,5,6, and 8) he still wishes to pursue and adding the matters he has asked to include in a supplemental complaint.  He shall file that document within 28 days.  He need only provide one copy to counsel for the defendants who have already been served, who appear to be Administrator Pummal, Correctional Officer Inspector Free, Correctional Officer Lt. Brown, Correctional Officer Lt.

Saunders, Correctional Officer Sgt. Farrar, Cunningham, DiSantos, and Charolette Jenkins.  He must provide summonses, complaints, and form USM-285s for any other defendants against whom he wishes to pursue claims, including those named in Doc. 30.  To the extent that Doc. 30 asks for permission to serve any unserved Defendants, that motion is granted.  Mr. McCain may include in his supplemental complaint the claims set forth in his motion to present evidence (Doc. 43); to that extent, that motion is granted.  His motion requesting permission to respond to Doc. 40 (Doc. 42) is also granted, although it appears to the Court that Doc. 43 is that response.  Those Defendants already served shall respond to the amended and supplemental complaint within 28 days of its service on their counsel.  New Defendants shall move or plead within 45 days of the date of service.  Mr. McCain's motion for a preliminary injunction (Doc. 39) remains pending.  Defendants shall respond to that motion within 21 days.  The motion for a scheduling order (Doc. 29) is denied as premature in light of the fact that a new pleading will be filed and served.

### Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate

Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/Terence P. Kemp
United States Magistrate Judge