```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


Michael D. McCain, Sr.,        :

          Plaintiff,           :   Case No. 15-cv-1262

    v.                         :   JUDGE MICHAEL H. WATSON

Warden, Chillicothe            :   Magistrate Judge Kemp
Correctional Inst., et al.,
                               :
          Defendants.
                               :
```

REPORT AND RECOMMENDATION AND ORDER

    Plaintiff Michael D. McCain, Sr., filed this action while he was incarcerated at the Chillicothe Correctional Institution ("CCI"). This matter is now before the Court on the following motions filed by Mr. McCain: motion for an injunction and restraining order (Doc. 39); motion for extension of time and/or stay (Doc. 47); and motion for general relief (Doc. 49).

    Mr. McCain's pleadings include a number of claims asserted against various officials or employees of CCI and relate to matters such as access to copies of legal materials for indigent inmates, safety concerns due to the presence of pigeon droppings in the interior spaces of the institution, and threats made to Mr. McCain due to his filing of grievances and lawsuits. The 14 defendants are named as CCI Warden Charlotte Jenkins; Inspector Free; Lt. Saunders; Lt. Brown; Sgt. Farrar; Administrator Pummal; Deputy Warden Cunningham; Sergeant DiSantos; Correction Officer Troute; Investigating Nurse Unknown; First Shift Officer Unknown; First Shift Officer Mick; Lt. Hester, and Mental Health Staff Member Unknown. Service has been perfected on all those defendants except for Investigating Nurse Unknown, First Shift

Officer Unknown, First Shift Officer Mick, Lt. Hester or Mental Health Staff Member Unknown.

    In an Order dated July 26, 2016, the Court addressed various pending motions and directed Mr. McCain to file within 28 days a "comprehensive pleading addressing all the issues in his original pleadings (Docs. 1,5,6, and 8) he still wishes to pursue and adding the matters he has asked to include in a supplemental complaint." (Doc. 46 at 2.).  The Court instructed Mr. McCain to provide summonses, complaints and form USM-285s for any further defendants against whom he wishes to pursue claims.  The defendants already served at that time were instructed to respond to the amended and supplemental complaint within 28 days of its service on their counsel.  The Court noted that Mr. McCain's motion for injunction and restraining order (Doc. 39) remained pending and directed the defendants to respond to that motion within 21 days of the date of the Order (which they have not done).  *Id*. at 3.  On August 19, 2016, Mr. McCain moved for an extension of time or to stay the proceedings until he is able to perfect service on the remaining defendants, which the defendants do not oppose. (Docs. 47-48).  The Court will grant that motion.

    Most recently, on December 12, 2016, Mr. McCain filed a motion for general relief, i.e. to "compel the clerk to send copies and time stamp [sic] of the last motion requesting confirmation of the USM 285 forms, and for the Court to make clear if the plaintiff can file a more definite statement." (Doc. 49).  Mr. McCain asserts in that motion that he had filed the appropriate USM 285 forms with summons with the clerk in April 2016, but apparently these forms were intended for 12 defendants not named in the pleadings.  Mr. McCain states that he is having difficulty understanding the Court's July 26 Order, and would like the Court to clarify whether he is to file a "more definite statement" and for adequate time to prepare his complaint.  With

respect to the request for clarification, the Court grants that part of the motion and confirms that Mr. McCain is to file a comprehensive amended complaint clearly setting out his cause(s) of action to the best of his ability, and to include all the specific defendants he is suing. He will also need to provide sufficient documents to allow the Marshall to serve any defendants who have not yet been served. Mr. McCain is instructed to file his amended complaint within 28 days of receipt of this Order. To the extent that the motion requests the Court to order the Clerk to re-send Mr. McCain time stamped copies of the summonses, that request is denied.

Mr. McCain also moves for injunctive relief "to prevent [Mansfield Correctional Institution, where he is now housed] from taking unwarranted possession of [his] legal property" and to order CCI to send his remaining legal property which he was forced to leave there when he was transferred to Mansfield. The defendants have not responded to the motion as directed by the Court's July 26 Order, presumably because Mr. McCain moved to stay the proceedings and they did not oppose the motion. Given that the proceedings are stayed until Mr. McCain files his amended complaint, the motion for injunctive relief appears to be moot, and it is recommended that the Court deny that motion (Doc. 39). The motion for a stay of proceedings (Doc. 47) is granted. The motion for general relief (Doc. 49) is granted in part and denied in part as explained above.

### Motion for Reconsideration of Order

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to

objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a _de novo_ determination of those portions  of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation _de novo_, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See _Thomas v. Arn_, 474 U.S. 140 (1985); _United States v. Walters_, 638 F.2d 947 (6th Cir. 1981).

/s/Terence P. Kemp
United States Magistrate Judge