# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MICHAEL D. MCCAIN, SR.,**

    **Plaintiff,**

    v.

**CHARLOTTE JENKINS**, *et al.*,

    **Defendants.**

**Civil Action 2:15-cv-1262**
**Judge Michael H. Watson**
**Magistrate Judge Chelsey M. Vascura**

## ORDER

This matter is before the Court for consideration of Plaintiff's Motion for a Pretrial Conference (ECF No. 74) in which Plaintiff requests a conference to discover the "whereabouts" of the defendants over whom he still needs to effect service. According to Plaintiff, officials at Chillicothe Correctional Institution ("CCI") have ignored his requests for the addresses of the defendants he needs to be serve.

This case, filed in April 2015, has languished for more than two years and yet service has not yet been perfected over all defendants. On June 22, 2017, Plaintiff filed a Motion requesting additional time to effect service on Defendants Bethal, Gill, and Lt. Ball. (ECF No. 70.) The Court granted his request, allowing Plaintiff until October 26, 2017, to effect service on these Defendants. (ECF No. 71.) On June 30, 2017, Defendants Ball and Bethal, along with other named Defendants, filed their Answer. (ECF No. 72.) Plaintiff has yet to perfect service over Defendant Gill.

Ordinarily, a plaintiff is responsible for effecting service. *See* Fed. R. Civ. P. 4(c)(1) (indicating that a plaintiff is responsible for serving the defendant with both a summons and the

complaint within the time permitted under Rule 4(m).)  It is often difficult, however, for inmates proceeding *in forma pauperis* and without counsel to obtain the current address of a former prison employee in light of prison officials' reluctance to provide inmates with the home addresses of current or former employees.  *See*, *e.g.*, *Ely v. Smith*, No. 1:07-cv-261, 2008 WL 2076651, at *2 (E.D. Tenn. May 15, 2008) (noting that "[i]t would be virtually impossible for [the plaintiff] to obtain [the officer's] current address since prison guards typically do not want prisoners to have their home addresses, and it is often very difficult, if not impossible, for prisoners to learn the current address of such employees"); *Richardson v. Johnson*, 598 F.3d 734, 739–40 (11th Cir. 2010) ("It is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison.").  Some Courts have responded to this issue by placing the burden on the Marshal's Service to obtain the current address.  *See*, *e.g.*, *Ely*, 2008 WL 2076651, at *2; *Sellers v. U.S.*, 902 F.2d 598, 602 (7th Cir. 1990); *Richardson* 598 F.3d at 739–40; *Murray v. Pataki*, 378 F. App'x 50, 52 (2nd Cir. 2010).  Other courts have directed the prison that formerly employed the defendant to file under seal the last known address, reasoning that requiring the Marshal's Service to obtain the address is burdensome.  *See, e.g.*, *Allen v. Siddiqui*, No. 3:07CV-P261-H, 2008 WL 2217363, at *1 (W.D. Ky. May 27, 2008); *Mingus v. Butler*, No. 05-73842, 2007 WL 925685, at *1 (E.D. Mich. Mar. 28, 2007).

  The Court finds that having the Criminal Justice Section of the Ohio Attorney General's Office file Defendant Gill's last known address under seal is a reasonable and efficient solution.  The Ohio Attorney General's Office has notified the Court that they are willing to do so, but informed the Court that the only person with the last name "Gill" working at CCI during the time

this cause of action arose is an individual named Theresa MaGill. Accordingly, the Ohio Attorney General is **DIRECTED** to file the last known address of Theresa MaGill under seal **WITHIN FOURTEEN (14) DAYS** of the date of this Order. Upon receipt of her address, the United States Marshal is **DIRECTED** to serve by certified mail upon Defendant Magill a summons and a copy of the Complaint. If service is returned unexecuted, the United States Marshal is **DIRECTED** to find and serve upon Defendant MaGill a summons and a copy of the Complaint.

Plaintiff's Motion for a Pretrial Conference is therefore **DENIED AS MOOT**. The Court notes that this case is exempt from the Federal Rules of Civil Procedure initial disclosures and discovery conference requirements set forth in Rules 26(a)(1) and 26(f). *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) and 26(f)(1). The Court will issue a scheduling order establishing case deadlines in accordance with Federal Rule of Civil Procedure 16(b) once Defendant MaGill has been properly served and has had an opportunity to respond to Plaintiff's Complaint.

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE