UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL D. MCCAIN, SR.,

    Plaintiff,

vs.

CHAROLETTE JENKINS, *et al.*,

    Defendants.

Case No. 2:15-cv-1262

District Judge Michael H. Watson
Magistrate Judge Michael J. Newman

---

**ORDER AND ENTRY: (1) DENYING DEFENDANTS' MOTIONS TO STAY PRETRIAL DEADLINES (DOCS. 96, 99, 103); (2) GRANTING *PRO SE* PLAINTIFF'S MOTION TO COMPEL (DOC. 97); (3) ORDERING DEFEENDANTS TO SERVE WRITTEN DISCOVERY RESPONSES WITH 14 DAYS FROM THE ENTRY OF THIS ORDER; (4) ORDERING THAT DEFENDANTS MAY SUPPLEMENT THEIR MOTION FOR JUDGMENT ON THE PLEADINGS WITH A MOTION FOR SUMMARY JUDGMENT ON OR BEFORE SEPTEMBER 7, 2018; AND (5) DENYING *PRO SE* PLAINTIFF'S MOTION FOR SANCTIONS (DOC. 101)**

---

This is a civil case in which *pro se* Plaintiff Michael D. McCain, Sr. ("McCain"), an inmate in the custody of the Ohio Department of Rehabilitation and Corrections ("ODRC"), asserts, *inter alia*, civil rights claims against a great number of Defendants under 42 U.S.C. § 1983. *See* doc. 52. Such claims arise from alleged conduct of Defendants occurring during McCain's detention at the Chillicothe Correctional Institution ("CCI") beginning in early 2014, until his transfer to Mansfield Correctional Institution ("MCC") in April 2016. *See* doc. 52.

Presently before the Court are a number of motions, including Defendants' motion for judgment on the pleadings (doc. 95) and motions to stay a number of pretrial deadlines previously set by the Court -- namely, the deadlines for discovery, the filing of dispositive motions, and the assertion of qualified immunity (docs. 96, 99, 103). In response, McCain moves to compel discovery responses, to strike Defendants' motion for judgment on the pleadings, and for the imposition of sanctions for Defendants' failure to respond to discovery. Docs. 97, 101. The

undersigned has carefully considered all of the foregoing, and the aforementioned motions are ripe for decision.

McCain originally filed this case on April 13, 2015 (doc. 1) and subsequently filed an amended complaint at the Court's direction on February 13, 2017 (doc. 52). All Defendants were served with process on or before June 12, 2017. Docs. 18, 20, 21, 24, 65, 67, 69. On January 8, 2018, the Court issued a Rule 16 Scheduling Order, Ordering that "motions . . . addressing the . . . pleadings, if any, must be filed on or before March 1, 2018"; discovery be completed on or before June 1, 2018; dispositive motions be filed on or before July 1, 2018; and motions raising qualified immunity be filed on or before August 1, 2018. *Id.*

According to McCain, within a month after issuance of the Scheduling Order, he served interrogatories and requests for the production of documents on Defendants on February 6, 2018. Doc. 86-1. To date, Defendants have not responded to those written discovery requests. *See* doc. 98 at PageID 602-03. On April 6, 2018, McCain moved to compel discovery responses by Defendants (doc. 86), and such motion was denied because McCain failed to certify that he attempted to confer with Defendants' attorney in good faith with regard to the overdue discovery responses. Doc. 87. On April 23, 2018, McCain again moved to compel discovery responses (doc. 90), which the Court again denied after granting Defendants an extension of time, until May 30, 2018, to so respond. Doc. 92. The Court specifically Ordered that "Defendants must respond to [McCain's] discovery requests **ON OR BEFORE MAY 30, 2018.**" *Id.* (emphasis in original).

Defendants did not respond to McCain's discovery requests by May 30, 2018 as Ordered. Instead, on May 23, 2018, Defendants moved for judgment on the pleadings (doc. 95) and simultaneously moved to stay discovery pending a decision on the motion for judgment on the pleadings (doc. 96). The undersigned finds Defendants' request for a stay of discovery not well-taken for several reasons. First, while the undersigned would typically be responsive to such

requests pending disposition of Rule 12 motions, here, this case was pending for well over a year on McCain's amended complaint before the filing of Defendants' Rule 12(c) motion, and for well over three years overall. *See* docs. 1, 52. Second, while Defendants anticipated the filing of a Rule 12(c) motion as late as April 26, 2018, they did not seek a stay at that time and, instead, sought only an extension of time to provide responses. *See* doc. 91. Third, instead of seeking a stay of discovery at the time they anticipated the filing of a Rule 12(c) motion, they waited until the eve of their extended discovery response deadline and the deadline for the completion of all discovery to do so.

Accordingly, based on the foregoing, the undersigned finds that good cause does not support the requested stay and, in fact, the granting of Defendants' request could potentially encourage gamesmanship by parties in similar cases. Thus, Defendants' motion for a stay of discovery (doc. 96) is **DENIED** and the discovery period in this case, therefore, expired as of June 1, 2018. No further discovery other than that set forth in this Order or with subsequent leave of Court shall be conducted in this case.

In that regard, McCain's motion to compel (doc. 97) is **GRANTED** and Defendants are **ORDERED** to serve complete responses to McCain's written discovery requests within **14 days** from the entry of this Order. Because Defendants moved for a stay of discovery which, in many other circumstances, would be granted in conjunction with the pendency of a Rule 12(c) motion, the undersigned finds that sanctions are not warranted here. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). Accordingly, McCain's motion for sanctions (doc. 101) is **DENIED WITHOUT PREJUDICE** to refile should Defendants fail to provide written discovery responses as Ordered herein.

For the same reasons, the Court also **DENIES** Defendants' motions to stay the dispositive motion deadline and the deadline for asserting the defenses of qualified immunity.[1] Docs. 99, 103. Instead, in the interest of justice, the Court **ORDERS** that Defendants may supplement their motion for judgment on the pleadings with a motion for summary judgment on or before **September 7, 2018**. Absent exceptional circumstances, the undersigned does not anticipate granting any extensions of any of the aforementioned deadlines.

**IT IS SO ORDERED.**

Date:  August 6, 2018               s/ Michael J. Newman
                                    Michael J. Newman
                                    United States Magistrate Judge

---

[1] Defendants did assert qualified immunity in their Rule 12(c) motion filed on May 23, 2018, albeit in conclusory fashion. Doc. 95 at PageID 585.