UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL D. MCCAIN, SR.,

    Plaintiff,

vs.

CHAROLETTE JENKINS, *et al*.,

    Defendants.

Case No. 2:15-cv-1262

District Judge Michael H. Watson
Magistrate Judge Michael J. Newman

_____

**ORDER AND ENTRY: (1) DENYING *PRO SE* PLAINTIFF'S MISCELLANEOUS MOTIONS (DOCS. 109, 117, 119); (2) ORDERING THE CLERK OF COURTS TO MAIL PLAINTIFF A COPY OF THE COURT'S OCTOBER 5, 2018 ORDER; (3) DENYING DEFENDANTS' MOTION FOR A STATUS CONFERENCE (DOC. 118); (4) GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME (DOC. 121); AND (5) SETTING A DEADLINE OF JANUARY 7, 2019 FOR PLAINTIFF TO FILE A MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND TO FILE A CROSS-MOTION FOR SUMMARY JUDGMENT**
_____

This civil case is before the Court on a number of motions filed by the parties. On September 4, 2018, *pro se* Plaintiff filed a motion seeking to address issues regarding the lack of discovery responses from certain individual Defendants. Doc. 109. The Court addressed these issues in an Order on October 5, 2018 (doc. 113) and, therefore, Plaintiff's motion (doc. 109) is **DENIED**. Plaintiff contends that he never received a copy of the Court's October 5, 2018 Order and, accordingly, the undersigned **ORDERS** that the Clerk of Court mail a copy of this Court's October 5, 2018 Order (doc. 113) to Plaintiff's address of record via United States Mail.[1]

On October 19, 2018, Plaintiff filed a motion seeking relief as a result of Defendants' counsel personally serving discovery responses upon him at the correctional facility, as opposed to sending

---

[1] The undersigned notes that the Court's docket indicates that this Order was previously sent via regular mail to Plaintiff on October 5, 2018.

those materials via regular United States mail.[2] Doc. 117. According to Plaintiff, counsel's hand-delivery of discovery responses at the correctional facility caused a security breach. *Id*.

On October 23, 2018, Defendants filed a motion seeking a status conference regarding the issues presented in Plaintiff's motion. Doc. 118. Thereafter, Plaintiff filed a follow-up motion in this regard on October 29, 2018 (doc. 119), to which Defendants filed an opposition memorandum (doc. 120) and Plaintiff filed a reply (doc. 122). The undersigned concludes that there is no relief that the Court can provide with regard to the "security" issues presented in Plaintiff's motions (docs. 117, 119) and, therefore, those motions are **DENIED**. Finding no need for a status conference on this issue, the undersigned further **DENIES** Defendants' motion seeking such a conference (doc. 118).

Finally, Plaintiff requests an extension of time "until after the holiday season" to file a memorandum in opposition to Defendants' motion for summary judgment and to file a cross-motion for summary judgment. Doc. 121. For good cause shown, the undersigned **GRANTS** Plaintiff's motion (doc. 121) and **ORDERS** Plaintiff to file his summary judgment opposition memorandum on or before **January 7, 2019**. Plaintiff may file a cross-motion for summary judgment on or before **January 7, 2019**.

A copy of this Order shall be mailed to Plaintiff by regular United States mail at his address of record.

**IT IS SO ORDERED.**

Date:   December 13, 2018            s/ Michael J. Newman
                                                                                   Michael J. Newman
                                                                                   United States Magistrate Judge

---

[2] *Pro se* Plaintiff also notes the absence of certain documents in the discovery provided. Doc. 117 at PageID 770. Counsel for Defendant addressed Plaintiff's concerns in her responsive memorandum (doc. 120 at PageID 795-96). Plaintiff offers no further argument regarding these purported documents (*see* doc. 122) and, therefore, the undersigned finds, based upon the representations of defense counsel (doc. 120), that no further discovery issues remain outstanding.