UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL D. MCCAIN, SR.,

    Plaintiff,                      Case No. 2:15-cv-1262

vs.

CHAROLETTE JENKINS, *et al.*,      District Judge Michael H. Watson
                                                   Magistrate Judge Michael J. Newman

    Defendants.

_____

**REPORT AND RECOMMENDATION[1] THAT *PRO SE* PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL (DOC. 132), WHETHER CONSTRUED AS A MOTION OR AS A REQUEST FOR LEAVE TO FILE AN INTERLOCUTORY APPEAL, BE DENIED**

_____

This prisoner civil case is before the Court on *pro se* Plaintiff's motion for an extension of time to file a notice of appeal (doc. 132) regarding two Orders filed by the undersigned (docs. 113, 125). The first Order Plaintiff seeks to appeal is an October 5, 2018 Order concerning pretrial issues and the grant of Plaintiff's request for discovery sanctions against Defendants. Doc. 113. The second Order at issue concerned issues regarding Plaintiff's receipt of a service copy of the October 5th Order. Doc. 125. In other words, both Orders are interlocutory, not final decisions.

Generally, "courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Interlocutory orders not dealing with injunctive relief as set forth in 28 U.S.C. § 1292(a) may be appealed only if a judge finds that the order involves "a controlling question

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). The Orders at issue here do not meet the requirements of 28 U.S.C. § 1292(b) in that, *inter alia*, an immediate appeal of these Orders will not materially advance the ultimate termination of this case.

Because the Orders Plaintiff seeks to appeal are not appealable at this time, the undersigned **RECOMMENDS** that his motion for an extension of time to file a notice of appeal (doc. 132) be **DENIED**. Insofar as *pro se* Plaintiff's motion can liberally be construed as a request for leave to file an interlocutory appeal, the undersigned **RECOMMENDS** that such request likewise be **DENIED.**

Date: January 24, 2019                         s/ Michael J. Newman
                                               Michael J. Newman
                                               United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** per Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** per Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).