UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL D. MCCAIN, SR.,

    Plaintiff,

vs.

CHAROLETTE JENKINS, *et al.*,

    Defendants.

Case No. 2:15-cv-1262

District Judge Michael H. Watson
Magistrate Judge Michael J. Newman

## REPORT AND RECOMMENDATION[1] THAT THIS CASE: (1) BE DISMISSED FOR FAILURE TO PROSECUTE; AND (2) TERMINATED ON THE COURT'S DOCKET

This is a civil case in which *pro se* Plaintiff Michael D. McCain, Sr. ("McCain"), an inmate in the custody of the Ohio Department of Rehabilitation and Corrections ("ODRC"), asserts, *inter alia*, civil rights claims under 42 U.S.C. § 1983. *See* doc. 52. Such claims arise from the alleged conduct of a number of officials and employees at the Chillicothe Correctional Institution ("CCI") during McCain's detention there beginning in early 2014 and until his transfer to the Mansfield Correctional Institution ("MCC") in April 2016. *See* doc. 52.

Specifically, McCain's amended complaint consists of forty-one (41) handwritten pages, wherein he asserts a myriad of allegations against twenty-seven named Defendants in 150 lengthy, numbered paragraphs. *See* doc. 52. McCain's allegations stem from his admittedly frequent complaints about and grievances against prison officials concerning a variety of issues, including corrections officers' use of foul language; unsanitary conditions of confinement (*i.e.*, dust, mold, and pigeon droppings in the prison); interference with his access to the courts; officers' alleged

---
[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

threats of violence; and officers' alleged use of force against him. *Id*. Liberally construing the numerous, lengthy allegations asserted, McCain appears to assert claims under §1983 regarding the foregoing and, predominately, asserting that the foregoing acts result from Defendants' conspiracy to retaliate against him for engaging in conduct protected by the First Amendment (*i.e.*, for making complaints and filing grievances against certain prison officials and officers).

Presently before the Court are two dispositive motions filed by Defendants: (1) a motion for judgment on the pleadings (doc. 95); and (2) a motion for summary judgment (doc. 110). Despite the undersigned having granted numerous extensions of time to *pro se* Plaintiff (docs. 113, 123, 128, 137), and ordering him to show cause twice as to why sanctions should not issue as a result of his failure to oppose both motions (docs. 128, 137), he has failed to file any memoranda in opposition to these two long pending motions, and the time for doing so -- as generously extended by the Court -- has expired. In addition, Plaintiff has now failed to respond to two Orders to Show Cause, and the time for responding to those Orders has likewise expired.

"It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). In exercising its discretion and considering dismissal for failure to prosecute, courts should consider the following factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Id*. Although courts must look at all four of these factors when assessing the appropriateness of a Rule 41(b) dismissal, the importance "of the remaining three factors . . . fades in the face of the conclusion that dismissal

2

was warranted by contumacious conduct." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 366 (6th Cir. 1999).

As noted previously, the undersigned believes the record sufficiently demonstrates that Plaintiff's failure to prosecute to date is willful and contumacious.  Plaintiff was given numerous, lengthy extensions of time to respond to Defendants' motions; Plaintiff was previously notified of his failure to appropriately file memoranda in opposition; and Plaintiff has now disregarded two direct Orders to Show Cause.  Dismissal for failure to prosecute has been affirmed on appeal where "Plaintiff was afforded an opportunity to respond to defendants' motion[,]" and nevertheless "failed to respond . . . despite the district court's order to do so." *Stigger v. Gilless*, No. 96-6605, 1997 WL 778523, at *1 (6th Cir. Dec. 8, 1997).  Defendants have been prejudiced by having spent time, effort, and money in litigating this case, responding to discovery, and filing dispositive motions without appropriate prosecution by Plaintiff.  *Cf. Carpenter*, 723 F.3d at 707 (finding a defendant prejudiced by a plaintiff's dilatory conduct if the defendant is "required to waste time, money, and effort").

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that this case be **DISMISSED** as a result of Plaintiff's failure to prosecute.

Date:   April 18, 2019                                        s/ Michael J. Newman
                                                              Michael J. Newman
                                                              United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).