# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Michael D. McCain, Sr.,

    Plaintiff,

v.

Charlotte Jenkins, *et al.*,

    Defendants.

Case No. 2:15-cv-1262

Judge Michael H. Watson

Magistrate Judge Newman

## OPINION AND ORDER

Plaintiff Michael D. McCain, Sr. ("Plaintiff"), proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against twenty-seven Defendants[1] at Chillicothe Correctional Institution ("CCI") for actions taken during Plaintiff's detention there from April 2014 to April 2016. Defendants moved for judgment on the pleadings and summary judgment.[2] ECF Nos. 95, 110. Plaintiff opposed both motions. ECF No. 143. The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that:

(1) Defendants' motion for judgment on the pleadings be **GRANTED IN PART** and **DENIED IN PART**;
(2) Defendants' motion for partial summary judgment be **GRANTED**;
(3) Plaintiff's First Amendment retaliation claims against Defendants Farrar and Troute remain pending;

---

[1] Baliss, Ball, Bethal, Brown, Cain, Clark, Clarkson, Cocenhour, Cunningham, DiSantos, Farrar, Free, Hamilton, Hester, Jenkins, Kimper, Law, Mack (or Mick), McGill, Pence, Pummal, Saunders, Shoemaker, Tackett, Troute, Wells, and White. (First names were not provided in the Amended Complaint).
[2] The Magistrate Judge construed Defendants' motion as a motion for partial summary judgment because they failed to address all of the claims in Plaintiff's Amended Complaint. *See* R&R 2, n.2, ECF No. 143.

(4) Plaintiff's Eighth Amendment conditions of confinement claim against Defendant Free remain pending; and
(5) Plaintiff's remaining claims be **DISMISSED**.

R&R 16–17, ECF No. 148.

Thereafter, the parties both filed timely objections to the R&R.

Upon de novo review, and for the reasons set forth below, the parties' objections to the R&R are **OVERRULED**, and the Court hereby **AFFIRMS** and **ADOPTS** the R&R.

## I.  BACKGROUND

The Magistrate Judge set forth the pertinent facts of this case in the R&R. See R&R, ECF No. 148. The Court will address any additional relevant facts as necessary in its analysis below.

## II.  STANDARD OF REVIEW

Under Rule 72(b), the Court must determine de novo any part of the Magistrate Judge's disposition to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. Id. A pro se litigant's pleadings must be, and in this instance are, construed liberally and held to less stringent standards than formal pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

## III. ANALYSIS

As explained in the R&R, Plaintiff's Amended Complaint is lengthy and lacks "simple, concise, and direct" allegations. *See* R&R 5. Nonetheless, the Magistrate Judge adeptly parsed out the following § 1983 allegations from Plaintiff's Amended Complaint:

> (1) Defendants' filing of false disciplinary charges against him
> (2) A lack of due process in the prison grievance process
> (3) Defendants' failure to comply with Ohio Department of Rehabilitation and Correction's ("ODRC") internal procedures
> (4) Defendants' use of foul, abusive, or threatening language
> (5) First Amendment retaliation for filing grievances and/or lawsuits
> (6) Conditions of confinement that violate the Eighth Amendment
> (7) Use of excessive force, and
> (8) Interference with access to the courts.

*See generally* R&R, ECF No. 148.

The Magistrate Judge recommends disposal of all claims except for: (1) a First Amendment Retaliation claim against Defendants Farrar and Troute; and (2) an Eighth Amendment conditions-of-confinement claim against Defendant Free. *Id.* The Court will address Defendants' objections to the R&R before addressing Plaintiffs' objections.

## A. Defendants' Objections

### 1. Conditions of Confinement Claim against Defendant Free

As summarized in the R&R, Plaintiff raised:

> several allegations regarding his dissatisfaction with the conditions of his confinement at CCI. Doc. 52. McCain complains of pigeon droppings on windows (PageID 255), thick dust and poor ventilation (PageID 256), mold under a sink (PageID 257), being deprived of use of a restroom for a few hours (PageID 277-79), and being placed in a suicide cell covered in feces and urine for up to four days (PageID 280).

R&R 10, ECF No. 148. The only remaining conditions of confinement claim concerns Plaintiff's placement in a suicide cell covered in feces for up to four days. *Id.* Defendants object to this claim's survival, contending that the magistrate judge was incorrect when he determined that a period of four days was not "temporary" under Sixth Circuit precedent. Defs.' Obj. 4–5, ECF No. 156. Defendants also argue that an "injury" is required, but Plaintiff failed to allege any harm from those conditions. *Id.* Finally, Defendants contend that Plaintiff's allegations fail to allege sufficient facts of Defendant Free's involvement. *Id.* at 6.

The problem with Defendants' objection is that they are raising much of this for the first time. *See* R&R 12, ECF No. 148 (explaining that "Defendants do not address [Plaintiff's] Eighth Amendment claim concerning the condition of the suicide cell other than to argue in the motion for judgment on the pleadings that [Plaintiff's] exposure to the feces was temporary."). Thus, this Court will only

address Defendants' objection as it relates to the temporal nature, because the other arguments are not properly before it. *See Hicks v. Fed. Bureau of Prisons*, 2017 U.S. App. LEXIS 16304, at *2 (6th Cir. June 5, 2017) ("claims raised for the first time in an objection to a magistrate judge's report and recommendation are deemed waived." (citing *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517 (6th Cir. 2010)). Upon de novo review, the Court does not find Defendants' objection to the temporal nature to be meritorious. The cases upon which Defendants rely do not establish that four days is considered "temporary" under Sixth Circuit law. *See* Defs.' Obj. 4–5, ECF No. 156 (citing *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001), which addressed different conditions than alleged here and did not address how many days would exceed a finding of "temporal"). Moreover, Plaintiff's allegations, accepted as true, are troubling. He alleges that the suicide cell, in relevant part, was:

> feces infested, pee infested, bloody rags, standing stinky fece [sic] water on the floor, the mattress was fece standed [sic] and smelled like death. The tolit [sic] did not work and had old [unintelligible] feces all over it, and I was not given any chimicals [sic] to clean the cell and the porter was told to mop the standing water only and nothing more. I had no running water and was not given a shower for 3 days. . . . Feces was behind the bed smered [sic] on the bed and walls.

Am. Compl. ¶¶ 99–101 at PAGEID ## 280–81, ECF No. 52. He goes on to allege that he smelled like feces and that he "felt like an animal." *Id.* The Court finds that the conditions here are distinguishable from *Dellis* based on the exposure to unsanitary conditions permeating the suicide watch cell. *See Krutko*

*v. Franklin Cty.*, No. 2:11-cv-610 2014 U.S. Dist. LEXIS 165589, at **12–13 (S.D. Ohio Nov. 26, 2014) ("In unsanitary conditions cases, to resolve the inquiry of whether the prison officials' acts or omissions are sufficiently serious, the Court must examine the length of time of the allegedly cruel condition—in this case, exposure to the unsanitary conditions. Courts have also found that, while the length of time of exposure is one factor of the inquiry, equally important is the degree of filth endured." (internal citations and quotations omitted)); *see also Taylor v. Larson*, 505 F. App'x 475, 477 (6th Cir. 2012) ("confinement for three days in a cell covered with feces" sufficiently alleged an Eighth Amendment violation).

Construing the allegations in the light most favorable to Plaintiff, as we must in a motion for judgment on the pleadings, the Court finds that the Magistrate Judge did not err when he concluded that four days in a feces-covered cell was not temporary. Defendants' first objection is **OVERRULED**.

### 2. First Amendment Retaliation Claims against Defendants Farrar and Troute

The only other claim to survive was Plaintiff's First Amendment Retaliation claim against Defendants Farrar and Troute. Defendants concede that they failed to address this argument, in part, because Plaintiff's Amended Complaint was long and failed to comply with Rule 8. Defs.' Obj. 8, ECF No. 156. Defendants point to no caselaw, however, that permits the Court to set aside a reasoned R&R on that basis.

### 3. Whether Defendants are Entitled to Qualified Immunity

Defendants finally contend that they are entitled to qualified immunity on all claims and that the Magistrate Judge failed to address that defense. Defs.' Obj. 7, ECF No. 156. But the reason the Magistrate Judge did not address the defense is because Defendants did not adequately raise it. The only argument advanced in their motion for judgment on the pleadings for why they were entitled to qualified immunity was: "[f]or the reasons argued in the prior sections, all Defendants are entitled to qualified immunity, as Plaintiff cannot demonstrate that any constitutional violation occurred." Mot. for Judgment on the Pleadings 31, ECF No. 95. Having found that Plaintiff adequately alleged constitutional violations, it was entirely reasonable for the Magistrate Judge to not go to step two of the qualified immunity analysis—whether the constitutional right was clearly established—when Defendants did not make that argument for themselves. Furthermore, as explained above, Defendants waived their right to argue that now.

### B. Plaintiff's Objections

Plaintiff raises seven objections the R&R. His objections are summarized as follows:

(1) Insufficient time to object to the R&R—a full 30 days extension of time as requested
(2) Defendants cannot rely on the motion for judgment on the pleadings because it was terminated by the Magistrate Judge;
(3) Various problems in the R&R and states reasons why they should not have been dismissed

(4) Additional perceived defects with the R&R, mostly pertaining to retaliation allegations
(5) The R&R failed to address his stolen property claims
(6) Adverse conduct at the parole hearing was an injury, contrary to the R&R
(7) The R&R misconstrued facts

Pl.'s Obj., ECF No. 157.

Upon de novo review, the Court finds that Plaintiff's objections are not well-taken. The Court will briefly address each objection. First, Plaintiff has received numerous extensions of time from the Magistrate Judge. Moreover, it is always within the Magistrate Judge's discretion to grant additional time, upon a finding of good cause shown. Here, the Magistrate Judge did grant Plaintiff an extension of time, just not for the full amount requested. Regardless, extensions of time are not a matter of right; thus, the Magistrate Judge did not err in refusing to grant Plaintiff his full 30-day request. Second, Plaintiff misunderstands the Magistrate Judge's Order terminating ECF No. 95. The Magistrate Judge terminated Defendants' motion for judgment on the pleadings only for docket management purposes, not because the motion otherwise lacked merit. See Order, ECF No. 129. The Magistrate Judge properly addressed and considered Defendants' motion for judgment on the pleadings in his R&R.

Third and Fourth, Plaintiff articulates disagreement with the Magistrate Judge's R&R and analysis as to certain claims and allegations; however, he fails to introduce legal reasons why the Magistrate Judge erred in evaluating those claims. Fifth, to the extent the Magistrate Judge did not specifically address

Plaintiff's loss of property in allegations, see paragraphs 143–45, it is adequately encompassed in the Magistrate Judge's R&R addressing his retaliation claims. Sixth, the Magistrate Judge did not err in concluding that Plaintiff failed to adequately allege a deprivation of a liberty interest in the parole hearing. Finally, the Courts finds that the Magistrate Judge properly addressed and construed the facts.

## IV. CONCLUSION

For the reasons set forth above, Defendants' and Plaintiff's objections are **OVERRULED**. The R&R is **ADOPTED** and **AFFIRMED**. R&R, ECF No. 148. Finally, Defendants move in the alternative for permission to refile a summary judgment motion on the claim they overlooked because the Amended Complaint did not comply with Federal Rule of Civil Procedure 8. The Court **GRANTS** Defendants' request to file a second motion for summary judgment on Plaintiff's First Amendment retaliation claim. The Magistrate Judge will establish the briefing schedule and issue an R&R on that motion.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**