**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Michael D. McCain, Sr.,**

     **Plaintiff,**

     **v.**                                  **Case No. 2:15-cv-1262**

**Charlotte Jenkins,** *et al.,*              **Judge Michael H. Watson**

     **Defendants.**                    **Magistrate Judge Newman**

## OPINION AND ORDER

Plaintiff Michael D. McCain, Sr. ("Plaintiff"), proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against officials and employees at Chillicothe Correctional Institution ("CCI") for actions taken during Plaintiff's detention there from April 2014 to April 2016. Defendants moved for judgment on the pleadings and summary judgment. ECF Nos. 95, 110. Plaintiff opposed both motions. ECF No. 143. Thereafter, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Plaintiff's First Amendment Retaliation claims against Defendants Farrar and Troute (collectively "Defendants")[1] survive because Defendants failed to move for summary judgment as to those claims. *See* R&R, ECF No. 148.[2] This Court granted Defendants another opportunity at summary judgment, given the lengthy,

---

[1] These individuals are referred to by their last names only throughout the record.
[2] There is also a remaining Eighth Amendment claim against Defendant Free that is not at issue in this Opinion and Order.

handwritten amended complaint to which they were responding. *See* Am. Compl., ECF No. 52. Accordingly, Defendants moved again for summary judgment on the First Amendment Retaliation claims, which Plaintiff opposed. *See* ECF Nos. 163, 170.

The Magistrate Judge issued a second R&R recommending that summary judgment against Defendants be granted in part on two of several claims and denied in all other respects. ECF No. 174. Thereafter, both parties filed timely objections to the R&R, although this Court will address only Defendants' objections in detail because Plaintiff's objections are not relevant to the R&R at issue.

For the following reasons, the parties' objections to the R&R are **OVERRULED**.

## I. BACKGROUND

The Magistrate Judge set forth the pertinent facts of this case in his R&Rs. *See* R&R, ECF No. 148; R&R, ECF No. 174. The Court will address any additional relevant facts as necessary in its analysis below.

## II. STANDARD OF REVIEW

Under Rule 72(b), the Court must determine de novo any part of the Magistrate Judge's disposition to which a party has properly objected. Fed. R. Civ. P. 72(b)(3).[3] The Court may accept, reject, or modify the R&R, receive

---

[3] The Court notes that Defendants rely on the incorrect standard of review. The case upon which Defendants rely applied the "clearly erroneous" standard of review, *see*

further evidence, or return the matter to the Magistrate Judge with instructions. *Id.* A pro se litigant's pleadings must be, and in this instance are, construed liberally and held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## III. ANALYSIS

Defendants object to the Magistrate Judge's recommendation that certain First Amendment retaliation claims survive.

To establish a First Amendment retaliation claim, "a prisoner must prove that (1) he engaged in protected conduct, (2) the defendant took an adverse action . . . capable of deterring a person of ordinary firmness from continuing to engage in that conduct, and (3) the adverse action was motivated at least in part by the [prisoner's] protected conduct." *Hill v. Lappin*, 630 F.3d 468, 472, 475 (6th Cir. 2010) (alteration in original) (internal quotation marks omitted). If the prisoner can demonstrate "that the defendants' adverse action was at least partially motivated by the prisoner's protected conduct, then the burden shifts to the defendants to show that they would have taken the same action even absent such protected conduct." *Id.*

Here, the Magistrate Judge analyzed each alleged instance of First Amendment retaliation. He ultimately recommended dismissal of two of

---

*Itskin v. Gibson*, No. 2:10-CV-689, 2012 U.S. Dist. LEXIS 32169, at **3–4 (S.D. Ohio Mar. 9, 2012), but that standard is for review of *nondispositive* matters. Because Defendants have filed a timely objection to a dispositive R&R, the Court reviews all aspects of the Magistrate Judge's R&R de novo. *See* Fed. R. Civ. P. 72(b)(3).

Plaintiff's numerous allegations of First Amendment Retaliation against Defendant Farrar, and this Court, upon de novo review, agrees with the recommendation. Although Plaintiff generally objects to the dismissal of the claims, he fails to raise specific objections. Thus, the Court **ADOPTS** the Magistrate Judge's recommendation to grant summary judgment as to these two claims. The Court will address the remaining claims against each Defendant in turn.

### A. First Amendment Retaliation Claims Against Farrar

#### 1. January 16, 2015 Incident

Plaintiff states that he complained about Farrar's harassing conduct, which included throwing Plaintiff's hygiene products on a toilet brush, to Farrar's superior officer, and Farrar retaliated against him for it. Specifically, Plaintiff contends that Farrar's filing of a "false" disciplinary conduct report constitutes retaliation.[4] *See* McCain Aff'd ¶ 7, ECF No. 52 at PAGEID # 296.

In the R&R, the Magistrate Judge noted that Farrar's motion for summary judgment argued only that "calling out Defendant Farrar [in front of Farrar's superior officer] is not constitutionally protected conduct[.]" R&R 8, ECF No. 174. However, because Farrar "cite[d] no legal authority in support of this contention"

---

[4] The Court notes on summary judgment that it cannot accept Plaintiff's unsworn allegations in his Amended Complaint as true. However, Plaintiff has attached sworn and notarized affidavits in connection with his Amended Complaint and response in opposition to summary judgment upon which the Court can rely. *See* McCain Aff'd, ECF No. 52 at PAGEID ## 295–303; McCain Aff'ds, ECF No. 143-1. The Court will limit its discussion to only those facts contained in the affidavits.

the Magistrate Judge found that "Plaintiff was engaged in protected conduct when he complained to Farrar's superior officer about Farrar's tossing of Plaintiff's hygiene products on the floor of his cell."  *Id.*  Defendants object to this conclusion, contending that the "caselaw is clear that [calling out an officer] is not constitutionally protected conduct."  Obj. 4, ECF No. 178.

Upon de novo review, the Court agrees with the Magistrate Judge's conclusion that Plaintiff was engaged in constitutionally protected conduct.  First, the Magistrate Judge was correct that Farrar did not provide any caselaw to support his argument in his summary judgment motion.  Indeed, a review of Defendants' motion for summary judgment reveals that Defendants did not cite to one case in their discussion of the claims against Farrar.  *See* Mot. Summ. J. 6–8, ECF No. 163.

Second, the case Defendants rely on in their objection, *Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008), does not support their objection.  In *Lockett*, the plaintiff used foul language at an officer, and it was the use of such language that was found to not be protected conduct.  Here, however, Plaintiff contends that he was retaliated against for voicing a complaint about Farrar to his supervisor.  He *does not* contend that any "foul" or disrespectful language cited to in Farrar's subsequent disciplinary violation report is protected.  And even if Plaintiff was found "guilty" of being disrespectful to Farrar, such a finding is not an absolute bar to a prisoner's First Amendment retaliation claim.  *Maben v. Thelen*, 887 F.3d 252, 262 (6th Cir. 2018) ("Guilt of misconduct may be relevant

summary judgment evidence within [the *Mount Healthy* burden-shifting] framework, but it does not automatically bar a plaintiff's claim").

Third, case law is clear that filing a non-frivolous grievance is constitutionally protected activity. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) ("[a]n inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf" as long as the grievances are not "frivolous"). The Sixth Circuit has found this protected activity includes both written and oral grievances. *Maben*, 887 F.3d at 265 ("an inmate has a right to file "non-frivolous" grievances against prison officials on his own behalf, whether written or oral"). Defendants do not challenge whether Plaintiff did complain to Farrar's supervisor, and the Court finds that such a complaint is non-frivolous, and thus, protected conduct.

The Court next finds that disciplinary sanctions can qualify as adverse actions, especially when they result in loss of privileges. *See Scott v. Churchill*, 377 F.3d 565, 572 (6th Cir. 2004) ("the mere potential threat of disciplinary sanctions is [a] sufficient[] adverse action to support a claim of retaliation"); *see also Hill*, 630 F.3d at 474 ([A]ctions that result in more restrictions and fewer privileges for prisoners are considered adverse."). "When deciding whether the issuance of a misconduct ticket rises to the level of an adverse action, we look to both the punishment [the plaintiff] could have faced and the punishment he ultimately did face." *Maben*, 877 F.3d at 266 (collecting cases of adverse disciplinary actions). The same day Plaintiff complained to Farrar's supervisor,

Farrar submitted a conduct report against Plaintiff for a Rule 26.61 violation for "disrespect to an officer." *See* Manually filed exhibit, ECF No. 163 at BATES No. 134. Plaintiff was found "guilty" of violating the rule, and a one-day commissary restriction was imposed as punishment. *See id.* at BATES No. 136. The Court finds that the loss of commissary privileges constitutes an adverse action.

Finally, there must be a causal connection between the adverse action and Plaintiff's protected conduct. According to *Maben*, "[u]sually, the question of causation is a factual issue to be resolved by a jury, and may be satisfied by circumstantial evidence." 887 F.3d at 267 (citations omitted). Here, Plaintiff states in his affidavit that Farrar filed the "false conduct report" against him because he complained about Farrar to Farrar's supervisor. Moreover, the temporal proximity of Farrar's disciplinary conduct report, which was filed the same day as Plaintiff's oral complaint to the supervisor, supports the indirect inference that its filing was motivated in part because of Plaintiff's complaint about Farrar's conduct. *Id.* at 268 ("This Court has previously considered the temporal proximity between protected conduct and retaliatory acts as creating an inference of retaliatory motive." (internal citations omitted)); *see also Hailey v. Washington*, No. 18-1164, 2018 U.S. App. LEXIS 19230, at *5 (6th Cir. July 12, 2018) (finding a two-week gap between a grievance and alleged adverse action too long to *solely* rely on temporal proximity for a causal connection because "[s]tanding alone, the temporal proximity between the prisoner's grievance and

the allegedly retaliatory action is insufficient to establish a causal connection, unless the two events are suspiciously close").

Defendants do not object or otherwise offer argument as to why there is no causal connection, nor do they argue that Farrar would have taken the same action regardless of Plaintiff's complaint about him. Accordingly, the Court finds that a genuine issue of material facts remains as to whether Farrar took the adverse action against Plaintiff because of his constitutionally protected activity. Defendants' objection as to the January 16, 2015 incident is **OVERRULED**.

### 2. January 26, 2015 Incident

Plaintiff voiced a grievance about black mold near a sink in his dorm. *See* Aff'd ¶ 8, ECF No. 52, at PAGEID # 296. Plaintiff alleges that within days of complaining about the mold, Farrar took away his job as a porter and locked him in segregation. *Id.*

For the reasons stated above, the Court finds that voicing a concern about the presence of black mold amounts to a non-frivolous grievance, which is protected conduct.

With respect to the adverse action, the Magistrate Judge correctly found that the "loss of a prison job can constitute an adverse action for retaliation purposes." R&R 9, ECF No. 174 (quoting *Walton v. Gray*, 695 F. App'x 144, 146 (6th Cir. 2017)).

Finally, the Magistrate Judge found that "[w]hile Farrar does argue that 'the adverse actions taken against Plaintiff were the result of his irate and disruptive

behavior,' he cites no evidence of record in support of his contention."  R&R 9, ECF No. 174.

Defendants again object and point to Plaintiff's disciplinary conduct report for another Rule 26.61 "disrespecting an officer" violation as sufficient independent reasons for Plaintiff's prison job loss.  Obj., ECF No. 178.  For the same reasons outlined above, such evidence is insufficient to completely negate that either the conduct reports or resulting job loss were not motivated, at least in part, by Plaintiff's use of the grievance process.  Instead, it creates a dispute of fact because Plaintiff avers in his affidavit that he did not do the things he was accused of in the conduct report.  Aff'd ¶ 4, ECF No 143-1 at PAGEID # 1370. As the Magistrate Judge points out, Defendants fail to provide supporting caselaw that a grievance conviction equates to a complete bar on recovery for a First Amendment retaliation claim.  Likewise, to the extent Defendants attempt to use the "guilty" finding of the conduct report to demonstrate that Farrar would have filed the disciplinary conduct report regardless, because Plaintiff disputes such allegations in a sworn affidavit, the Court finds a dispute of material fact remains as to whether Farrar filed a grievance against Plaintiff because he engaged in the protected conduct of filing a non-frivolous grievance.  Defendants' second objection is **OVERRULED**.

### 3. February 7 and 27, 2015 Incident

Plaintiff was released from segregation on February 6, 2015.  McCain Aff'd ¶ 13, ECF No. 52 at PAGEID # 297.  Farrar threatened to lock Plaintiff back up if

Plaintiff said anything to him.  *Id.*  Specifically, Farrar threatened "to lock your ass up, and the next time it will be for a long time! Due [sic] you understand me?"  *Id.* Plaintiff filed an informal complaint about that threat on February 7, 2015.  On February 26, 2015, Plaintiff states that he received a "false conduct report" from the prison's librarian.  *Id.* at ¶ 14.  The next day, on February 27, 2015, he was called into Farrar's office to discuss the library incident.  *Id.* at ¶¶ 14–15.  Plaintiff requested a sergeant hear the conduct report because he had the pending February 7, 2015 grievance against Farrar.  *Id.* at ¶ 15.  Farrar then told Plaintiff to get his coat and cuffed him, stating that Plaintiff was getting locked up for "being fuckin stupid!"  *Id.*  Farrar further threatened Plaintiff that "if he came back out of segregation to the Compound they would have other inmates to 'fuck me up!'"  *Id.* at ¶ 16.

The Magistrate Judge recommended this claim survive summary judgment because Defendants failed to address this incident in their motion for summary judgment.

In their objection, Defendants argue that they were not sufficiently put on notice that Plaintiff asserted a First Amendment retaliation claim based on this incident because Plaintiff's lengthy, hand-written Amended Complaint did not clearly state such a retaliation claim, and no initial screen was performed pursuant to 28 U.S.C. § 1915.  *See* Obj. 6, ECF No. 178.  Defendants further argue that Plaintiff never uses the word retaliation in discussing this incident or allege that he felt retaliated against.  *Id.*

The Court **OVERRULES** Defendants' objection.[5]  A pro se plaintiff's complaint is to be liberally construed, and here, even if he did not use the word "retaliation," the alleged facts indicate that Farrar took actions (including cuffing and locking up Plaintiff) perceived by Plaintiff as adverse in response to Plaintiff's previous actions of filing a grievance against Farrar.

### B. First Amendment Retaliation Claims Against Troute

#### 1.  September 7–15, 2015 Incident

On September 7, 2015, Troute allegedly took legal documents from Plaintiff's bunk.  On September 15, 2015, when Plaintiff asked Troute for a grievance form so that he could file a grievance about the removal of his container of legal documents, Troute "pulled out his mace threatening to spray [Plaintiff] because he requested an Informal Complaint to write the Defendant [Troute] up[.]"  McCain Aff'd ¶ 6, ECF No. 143 at PAGEID # 1414.  At summary judgment, Defendants argued that this retaliation claim was not supported by any evidence and that Plaintiff was "undeterred" because he ended up filing the grievance.  The Magistrate Judge concluded that Plaintiff's affidavits, as well as the declaration of another inmate, William Nelson, established a dispute of fact as to whether there was a causal connection between Plaintiff's grievance and

---

[5] The Court is skeptical whether Plaintiff has sufficient information to show a causal connection for this incident.  Although the Court overrules Defendants' objection, this Opinion and Order does not prevent Defendants from challenging at trial whether Plaintiff has sufficiently met the elements of a First Amendment retaliation claim for this incident.

Troute's actions.  R&R 11, ECF No. 174.  The Magistrate Judge further concluded that the fact that Plaintiff ultimately filed his grievance does not negate whether Troute's threat was an adverse action or undermine the causal connection between the protected conduct and the adverse action.  *See* R&R 11–12, ECF No. 174 ("Troute's contention – that Plaintiff cannot show an adverse action because he was not deterred – also lacks merit.  *See Bell* [*v. Johnson*], 308 F.3d [594,] 606 [(6th Cir. 2002)] ("There is no requirement that the plaintiff show actual deterrence")).  Threatening to mace a prisoner for making a non-frivolous grievance amounts to an adverse action.

Defendants object to the Magistrate Judge's R&R, arguing that Plaintiff's grievance related to this incident is not protected conduct because it is frivolous.  Obj. 7, ECF No. 178.  Specifically, Defendants argue that "the grievance was frivolous and therefore is not protected conduct. Plaintiff's legal paperwork was briefly confiscated but returned."  *Id.*  But just because Defendants assert that the grievance was frivolous does not make it so.  Indeed, Defendants acknowledge the underlying veracity of the factual allegations, at least to some extent, by admitting that Plaintiff's legal paperwork was confiscated (if only briefly).  But Defendants fail to explain why the brief confiscation of legal documents is a frivolous grievance.  Defendants do not challenge whether a causal connection exists, and thus, the Court finds this claim survives for trial.  Defendants' objection is **OVERRULED** as to this claim.

### 2. September 28, 2015 Incident

Plaintiff alleges that on September 28, 2015, Troute refused Plaintiff access to the dorm's restroom, instead telling Plaintiff to use another restroom because the dorm's restroom was closed. McCain Aff'd ¶ 8, ECF No. 143-1 at PAGEID # 1414. When Plaintiff asked Troute for a grievance form so that he could write up Troute's refusal to allow him dorm restroom access, Troute stood up and stated, "son of a bitch, I'm tired of you fucking writing me up and threatening to write me up!" *See id.* at PAGEID # 1415. Troute then cuffed and restrained Plaintiff. *Id.* While restrained, Plaintiff's bladder gave out, and he urinated on his clothes and the surrounding floor. McCain Aff'd ¶ 26, ECF No. 52 at PAGEID # 299. Troute also apparently filed a disciplinary conduct report against Plaintiff as a result of this incident. Plaintiff contends that Troute's actions were in response to him engaging in the protected conduct of attempting to file a grievance.

Defendants contended at summary judgment that "[t]here [was] no evidence to show that this conduct report and [use of force] report were false or any way related to Plaintiff's use of the grievance system." Mot. Summ. J. 5, ECF No. 163. The Magistrate rejected that argument and found a sufficient causal connection between the retaliatory conduct and Plaintiff's request for a grievance form. R&R 13, ECF No. 174.

In their objection, Defendants argue that filing a grievance about a denial of using a closed restroom is frivolous, and thus, not protected conduct. Obj. 8,

ECF NO. 178. Perhaps it is, but Defendants cannot raise a new argument in an objection that was not presented to the Magistrate Judge. *See Hicks v. Fed. Bureau of Prisons*, No. 16-3907, 2017 U.S. App. LEXIS 16304, at *2 (6th Cir. June 5, 2017) ("claims raised for the first time in an objection to a magistrate judge's report and recommendation are deemed waived." (citing *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517 (6th Cir. 2010)); *see also Martin v. E.W. Scripps Co.*, No. 1:12-CV-844, 2013 U.S. Dist. LEXIS 155673, at *6 (S.D. Ohio Oct. 30, 2013) ("As a party may not raise new issues for the first time in an objection to a magistrate judge's report and recommendation, the Court is under no obligation to address those issues." (citations omitted)).

Moreover, because Defendants fail to demonstrate that Troute would have taken the same actions regardless of Plaintiff's request for a grievance form to file a complaint about using the closed dorm restroom, Defendants' objection is **OVERRULED**.[6]

### C. Whether Defendants are Entitled to Qualified Immunity

Defendants finally contend that they are entitled to qualified immunity on all claims and that the Magistrate Judge failed to address that defense. Defs.' Obj. 13, ECF No. 178. The Magistrate Judge previously found that Defendants were not entitled to qualified immunity on the first iteration of summary judgment

---

[6] Again, this is not to say that at trial Defendants cannot present evidence sufficient to establish, as a matter of law, that Plaintiff failed to meet an element of a claim, but here, where the element has not been properly challenged, the Court cannot dispose of it.

briefing because Defendants did not adequately raise and address the argument. *See* R&R, ECF No. 148. But even after being cautioned about their failure to provide sufficient argument the first time, Defendants once again failed to develop their qualified immunity argument other than by including a conclusory assertion that "[t]o the extent that this Court rules that Plaintiff's constitutional rights were violated, Plaintiff still cannot show that he had a clearly-established right not to be disciplined in the manners described above." Mot. for Summ. J. 9, ECF No. 163. The Magistrate was not required to "put flesh on [the] bones" of that argument, and this Court likewise declines to develop Defendants' argument on their behalf. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997).

Regardless, based on the caselaw discussed above, the Sixth Circuit has clearly established that a prisoner cannot be retaliated against for filing a non-frivolous grievance, thus, even if Defendants' qualified immunity argument was properly before this Court, it would not change the outcome.

Accordingly, Defendants' objection as to the denial of qualified immunity is **OVERRULED**.

### D. Plaintiff's Objections

Plaintiff's objections concern matters outside of the R&R, such as discovery issues and whether the Court should add certain Defendants back into this litigation. Because they do not pertain to the merits of the R&R or are otherwise frivolous, the Court **OVERRULES** Plaintiff's objections.

### IV. CONCLUSION

For these reasons, Defendants' and Plaintiff's objections are **OVERRULED**.  The R&R is **ADOPTED** and **AFFIRMED**.  R&R, ECF No. 174. Defendants' motion for summary judgment, ECF No. 163, is **GRANTED in part** as outlined here and in the R&R and **DENIED in part** with respect to the remaining First Amendment retaliation claims outlined in this Opinion and Order and the R&R.

In sum, Plaintiff's first amendment retaliation claims against Farrar for incidents arising on (1) January 16, 2015; (2) January 26, 2015; and (3) February 7 and 27, 2015, survive.  Plaintiff's first amendment retaliation claims against Troute for incidents arising on (1) September 7–15, 2015; and (2) September 28, 2015, survive.  Finally, the Eighth Amendment conditions of confinement claim against Free survives.  *See* Op. and Order 4–6, ECF No. 160.

Prior to setting this case for trial, however, the Court **ORDERS** the parties to mediate this lawsuit in good faith.  To that end, the Court will appoint counsel for Plaintiff, ***for the limited purpose of mediation***.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**